## MODEEN v. CONSUMERS POWER COMPANY

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—COURTS—JUDICIAL POWER.

The former Industrial Accident Board, now the Workmen's Compensation Appeal Board, is not a "court" and is not possessed of judicial power.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION COMMISSION—COURTS—JURISDICTION.

The statutory grant of exclusive jurisdiction to the Workmen's Compensation Commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved.

3. WORKMEN'S COMPENSATION—EXPENSES OF RECOVERY—THIRD-PARTY ACTION—APPORTIONMENT OF EXPENSES—COURTS.

Apportionment of expenses of recovery between the parties as provided for by a section of the workmen's compensation act in proceedings to enforce the liability of a third party for damages for the injury sustained is definitely made a matter for agreed settlement of "claims as their interest shall appear" or, failing that, for judicial determination by the *court* in which the plaintiff's action is pending because nowhere, except in the forum provided by that section does the workmen's compensation law, or any other law, authorize apportionment of these expenses (MCLA § 413.15).

4. WORKMEN'S COMPENSATION—SETTLEMENT OF THIRD-PARTY ACTION—EXPENSES OF RECOVERY—APPORTIONMENT.

A settlement made in view of the institution and pendency of a husband's suit against a third party pursuant to a section

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 370 *et seq.*
[3, 4] 58 Am Jur, Workmen's Compensation § 60 *et seq.*

of the workmen's compensation act bound him by the apportionment of "expenses of recovery" and by the amount paid thereof as if that apportionment had been determined by the court at the time under that statute and so was his wife, later his widow, whose rights if any under the workmen's compensation law were and are derivable through her husband, who took part in the settlement; no fraud, mistake, or other judicially cognizable right having been claimed or shown, and there remains no forum for determination or redetermination of what was then validly done and effected by monetary distribution (MCLA § 413.15).

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., denying application for leave to appeal from an order of the Workmen's Compensation Appeal Board. Submitted January 5, 1971. (No. 2 January Term 1971, Docket No. 52,499.) Decided March 1, 1971.

Evelyn Modeen presented a claim against Consumers Power Company, her husband's employer, for claimed benefits under the workmen's compensation law requesting apportionment against the employer of the expenses of recovery against a third party. Apportionment denied. Court of Appeals denied application for leave to appeal. Plaintiff appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*O. K. Petersen* and *K. K. Cassell,* and *Cholette, Perkins & Buchanan* (by *Edward - D. Wells*), for defendant.

*Amicus Curiae:*

Peterson-King Co. and U.S. Fidelity & Guaranty Co. (by *Hayes & Davis*).

Gilbert Mead (by *Marcus, McCroskey, Libner, Reamon, Williams & Dilley*).

Per Curiam. This proceeding was instituted before the Workmen's Compensation Department. It presents exclusively the same jurisdictional question which, in *Mead* v. *Peterson-King Co.* (1970), 24 Mich App 530, 533, 534, was dealt with by Division 3 as the "first issue on appeal." By our order of August 26, 1970, entered upon application for leave to review *Mead,* the latter was held in abeyance pending decision of the appeal now at bar.

February 13, 1959 Harold Modeen, a regular employee of self-insuring Consumers Power Co., sustained a compensable injury arising out of and in the course of his employment. He engaged counsel (Sessions & Barlow of Muskegon) to sue certain allegedly negligent third parties, pursuant to the 1952 amendment of § 15 of part III of the workmen's compensation law (MCLA 413.15 [Stat Ann 1968 Rev § 17.189]). By agreement of employee Modeen and employer Consumers, the latter did not join in the suit but did cooperate fully with Mr. Modeen in the prosecution thereof. It is stipulated that, as the suit neared trial, " * * * a settlement was reached between Mr. Modeen and Consumers Power Co. on one side and certain of the defendants [Wilde and Reeths] for a total of $75,000." May 15, 1961 the suit as against defendants Wilde and Reeths was dismissed with prejudice upon stipulation and order of the court. Separately and on the same date the remaining defendant was correspondingly dismissed, apparently without monetary contribution. Excepting as noted in this opinion, all details of the agreed settlement and final disposition of the suit appear in the appeal board's opinion, quoted *post.*

The general release of third-party defendants Wilde and Reeths was signed by Mr. Modeen and also by his wife. She is the present plaintiff. The release is in the usual unconditional form and needs no expatiation. The release by Consumers Power Co. of the same defendants was executed and delivered separately. Consumers' May 22, 1961 letter to Sessions & Barlow, by which Consumers paid its agreed share of "attorneys fees and expenses" incurred in connection with the third-party suit, reads as follows:

"Gentlemen:
"Enclosed, pursuant to our agreement, is Consumers Power Company's check No. 767, dated May 18, 1961, made payable to Sessions & Barlow, in the amount of $3,450.08.
"This check is in full payment of Consumers Power Company's share of attorneys' fees and expenses in the above matter."

Mr. Modeen died in 1966 from causes not related to his compensable injury. Shortly thereafter his widow engaged present counsel to file the instant application for claimed benefits under the workmen's compensation law, "requesting apportionment of the costs of the third-party recovery week by week against the employer." The opinion of the appeal board, on review of denial by the referee of the plaintiff's application, proceeded to affirmance this way:

"Plaintiff suffered a personal injury that arose out of and in the course of his employment on 2–13–59, and received compensation voluntarily paid at the rate of $40.00 per week until 4–22–61, when a third-party settlement in the total amount of $75,000.00 was concluded. Workmen's compensation and medical expenses paid by defendant

amounted to $11,450.08 leaving a gross sum of $63,549.92 against which was charged attorney fee of $16,678.09, and other expenses of recovery of $121.34. Thus, attorney fees and other expenses of recovery amounted to 26.4% of the third-party settlement proceeds. Defendant had already paid $3,321.91 on his [its] share of the total expenses of recovery, including attorney fees, amounting to $20,121.34.

"After the third-party settlement, plaintiff remained totally disabled until the date of his death on 8–21–66, of causes unrelated to his personal injury of 2–13–59.

"Upon plaintiff's death, his widow filed a petition for hearing which the referee denied and credited defendant for compensation voluntarily paid."

Then, having quoted portions of § 15 with emphasis of the sentence:

" 'The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery.' ";

the board went on to rule, in praiseworthy compendium:

"This Board not being the 'Court' mentioned in the Statute does not have the power to 'apportion' the 'expenses of recovery.' "

May 14, 1969 the Court of Appeals denied leave to appeal, ruling "lack of merit in the grounds presented." This Court, being informed of the upcoming pendency of the *Mead* case, *supra,* granted leave to review July 15, 1969 (382 Mich 769).

No question of Mrs. Modeen's right if any to dependency benefits, under the workmen's compensation law, is involved. Today's issue is sharp; whether in the light of the arms-length settlement

agreed to under the statute, both by the employee and his widow with the assistance of able counsel, the department is vested with jurisdiction to provide for the plaintiff widow more "apportionment" than she and her husband obtained when they signed off in May of 1961. To provide due understanding of the contention we quote plaintiff's counsel directly:

"In a nutshell what plaintiff wants is to be reimbursed for the cost of recovery of each week's credit the employer takes *as it is taken,* surely not an exorbitant and preposterous request. Our problem is that although our request seems reasonable we can't find a forum to make it in." (Emphasis supplied by counsel.)

Then, having referred to the appeal board's presently quoted opinion and to said § 16, counsel proceed:

"The Workmen's Compensation Appeal Board members are reluctant to assert its authority in this situation; they feel they are not a 'Court' (which is true) and they apparently feel that this ongoing apportionment of the recovery is reserved by the statute to a 'Court' (which we feel is not true). Thus, the tribunal charged by law with responsibility for determination of all other compensation problems is diffident about asserting its authority in this one. Hence our problem."

To "find a forum to make it in" counsel rely particularly upon § 16 of part III of the statute. The section read, originally (CL 1915, § 5469):

"Sec. 16. All questions arising under this act, if not settled by agreement by the parties interested therein, shall, except as otherwise herein provided, be determined by the industrial accident board."

The pertinent part of the section reads now (MCLA § 413.16 [Stat Ann 1960 Rev § 17.190]):

"Sec. 16. All questions arising under this act shall be determined by the compensation commission."

Agreeing with the appeal board's jurisdictional decision, we find that an available measure of long since recorded judicial thought tends to expose with clarity the purpose of the legislature when, by § 15, that body undertook to provide a means for determination of questions of apportionment of fees and expenses when such questions arise out of litigation instituted under § 15. Utilizing the same or correspondingly certain language, and starting with 1915 *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich 8, this Court has repeatedly advised the legislature as well as the profession that the former industrial accident board, now the appeal board, is not a "court" and "is not possessed of judicial power." Attest, among others: *Jones* v. *St. Joseph Iron Works* (1920), 212 Mich 174; *Bankers Trust Co. of Detroit* v. *Tatti* (1932), 258 Mich 357; *Michigan Mutual Liability Company* v. *Baker* (1940), 295 Mich 237; *Dation* v. *Ford Motor Co.* (1946), 314 Mich 152, and *Bonney* v. *Citizens' Mutual Automobile Insurance Company* (1952), 333 Mich 435.

In the last cited case, having referred to *Dation*, the Court stated correctly the view we take of plaintiff's attempt to employ the department for determination of a question the legislature has vested exclusively with the circuit court. To quote *Bonney*, at 440:

"The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relation-

ship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved."

*To recapitulate:*

Amended § 15 was designed to provide a new right of action which, prior to effectiveness of the amendment, was unknown excepting when the suing employee was willing to assume the risk of a binding "election" of remedy. The new right had to be exercised, however, under and pursuant to the amendment, for within its jurisdictional four corners lay all of the benefits intended. Nowhere except in the forum provided by § 15 does the workmen's compensation law, or any other law, authorize apportionment of these "expenses of recovery." That by the second paragraph of the section is definitely made a matter for agreed settlement of "claims as their interest shall appear" or, failing that, for judicial determination—under the next to last paragraph—by the *court* in which the plaintiff's action is pending.

The plaintiff widow, whose rights if any under the workmen's compensation law were and are derivable through her husband, took part in the agreed settlement. That settlement was made in view of the institution and pendency of her husband's suit. Presumably, she partook of the not exactly niggard fruits thereof. A part of such fruits was the stipulated and paid sum of $3,450.08, as and for an agreed apportionment of "expenses of recovery." No fraud, mistake, or other judicially cognizable right having been claimed, or shown, plaintiff's husband was as much bound by the apportionment, and by the paid amount thereof, as if that apportionment had been determined by the court at the time under the penultimate paragraph of § 15. So was his wife, and so is his widow. There remains no forum for determination

or redetermination of what then was validly done and effected by monetary distribution.

Affirmed, no costs.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.