COWAN v FEDERAL-MOGUL CORPORATION

Docket No. 29946. Submitted June 20, 1977, at Detroit.—Decided August 15, 1977.

Joseph Cowan and Maidene Cowan, his wife, filed a suit against Federal-Mogul Corporation, Joseph's employer, and by amended complaint against that employer and John Hancock Mutual Life Insurance Company, the employer's accident and sickness group insurance carrier, for overtime pay, severance pay and for damages against the employer for alleged tort of outrage in inflicting emotional harm and physical injury by reason of keeping plaintiff Joseph on the swing-shift, calling him to return to work after he had left and returned home, threatening to fire him and as to defendant Hancock for bad faith refusal to waive premium payments and insisting upon the return of benefits voluntarily paid and for improper discontinuance of payments, and as to both defendants for their conspiracy in regard to their conduct. Maidene Cowan's suit was for derivative damages. The Oakland Circuit Court granted a partial summary judgment to defendants dismissing all counts except those for severance pay and overtime, Farrell E. Roberts, J. Plaintiffs appeal. *Held:*

1. The summary judgment as to defendant Hancock was proper because plaintiffs failed to rebut the statements in the defendant's affidavit for summary judgment that according to plaintiff's physician the employee was not disabled and that repayment of benefits paid was due in accordance with an assignment regarding workmen's compensation benefits executed by the employee. Also, the plaintiffs failed to allege facts in support of their claim of conspiracy.

2. The summary judgment as to Federal-Mogul was proper because the claims of intentional infliction of emotional distress was with regard to compensability of injuries arising out of and

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 472, 476, 545-547.
[2] 44 Am Jur 2d, Insurance § 2055.
   73 Am Jur 2d, Summary Judgment §§ 17, 18, 20.
   82 Am Jur 2d, Workmen's Compensation §§ 669, 670.
[3] 73 Am Jur 2d, Summary Judgment § 29.

in the course of employment for which jurisdiction is reposed initially in the Workmen's Compensation Bureau. As to the claim of conspiracy, plaintiff failed to allege facts supportive of his claim.

Affirmed.

1. WORKMEN'S COMPENSATION—JURISDICTION—STATUTES.

Jurisdiction to determine the compensability of injuries arising out of and in the course of employment is reposed initially in the Workmen's Compensation Bureau (MCL 418.841; MSA 17.237[841].

2. WORKMEN'S COMPENSATION—SUMMARY JUDGMENTS—AFFIDAVITS— REBUTTAL—ACCIDENT AND SICKNESS INSURANCE—APPEAL AND ERROR.

Summary judgment was properly granted to an employer's accident and sickness group insurance carrier in an action wherein an injured employee accused the insurer of bad faith refusals to continue accident and sickness benefits or waive premium payments where the plaintiff did not rebut an affidavit presented by the defendant which demonstrated that, according to the plaintiff's physician, plaintiff was not disabled for any occupation, and thus, was not entitled to such a waiver, and where the plaintiff did not rebut the statement that defendant insurer based its demand for repayment of accident and sickness benefits on an assignment executed by plaintiff.

3. PLEADING—STATEMENT OF CLAIM—CONSPIRACY—SUMMARY JUDGMENT—SUPPORTIVE FACTS—APPEAL AND ERROR.

Summary judgment was properly granted to the defendants in an employee's action against his employer and the employer's accident and sickness group insurance carrier wherein the employee alleged a conspiracy where the plaintiff failed to allege facts supportive of his claim.

*Buell A. Doelle,* for plaintiffs.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *John Corbett O'Meara* and *Timothy H. Howlett),* for defendants.

Before: D. C. RILEY, P.J., and BASHARA and P. R. MAHINSKE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs appeal a partial summary judgment dismissing claims sounding in tort, conspiracy and loss of companionship.

Upon careful examination, we affirm. Concerning plaintiff Joseph Cowan's claim of intentional infliction of emotional distress brought against defendant Federal-Mogul Corporation, *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976), controls. Its mandate is clear: Jurisdiction to determine the compensability of injuries arising out of and in the course of employment is reposed initially in the Workmen's Compensation Bureau. MCL 418.841; MSA 17.237(841). Thus the trial court acted properly on this issue, although GCR 1963, 116.1(2) (lack of subject-matter jurisdiction) is the more appropriate ground for dismissal.

Plaintiff's corresponding claim against defendant insurer also fails. The unrebutted affidavit presented by defendant demonstrated that, according to his own physician, plaintiff was not disabled for any occupation and, thus, was not entitled to the waiver of premium payments. Moreover, the affidavit revealed that defendant insurer based its demand for repayment of accident and sickness benefits on an assignment executed by plaintiff, in conformance with the policy provision excluding such benefits for injuries compensable under the Workers Disability Compensation Act. Where, as here, plaintiff did not rebut this affidavit by any evidence before the court, summary judgment is proper. *Durant v Stahlin,* 375 Mich 628, 638-639, 655-656; 135 NW2d 392 (1965), *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

For similar reasons, the lower court correctly dismissed the conspiracy charge. Plaintiff failed to allege facts supportive of his claim; instead, he merely asserted bad faith and claimed that defend-

ants' contradictory positions regarding the compensability of plaintiff's disability demonstrated a conspiracy. Absent allegations of supporting facts, dismissal by way of summary judgment is appropriate. *Valentine v Michigan Bell Telephone Co,* 388 Mich 19, 30; 199 NW2d 182 (1972), *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416, 422; 205 NW2d 504 (1973). Moreover, the rule has been applied in cases alleging a conspiracy. *Chilton's, Inc v Wilmington Apartment Co,* 365 Mich 242, 248–249, 250–251; 112 NW2d 434 (1961), *Greer v Parks,* 300 Mich 492, 497; 2 NW2d 476 (1942).

With regard to plaintiff wife's derivative claim, we hold that aligned as it is with the unsuccessful claims of her husband, it too must fail.

Affirmed.