JOHNSON v ARBY'S, INCORPORATED

Docket No. 57330. Submitted January 13, 1982, at Detroit.—Decided
    May 20, 1982.

   Gregory B. Johnson, an assistant manager of an Arby's fast-food
      franchise in Troy, Michigan, was injured while attending a
      picnic for Detroit area management personnel of Arby's, Incor-
      porated that was sponsored by Arby's. Arby's provided food and
      beverages, including free beer. David Duke, an employee of
      another Arby's franchise who was also attending the picnic,
      stabbed Johnson in the neck, chin and arm causing nerve
      damage and serious scarring and disfigurement. Johnson filed
      suit in Wayne Circuit Court against Arby's and Duke, alleging
      that Duke committed an assault and battery upon him and
      that Arby's was negligent in that it failed to provide a safe
      premises for the picnic and failed to provide adequate supervi-
      sion and management of the picnic. The court, Lucile A. Watts,
      J., granted summary judgment for Duke and accelerated judg-
      ment for Arby's. The plaintiff appeals. *Held:*

      1. The trial court erred in deciding that the alleged injuries
   arose out of and in the course of the employment relationship
   and thus, that, as a matter of law, the injuries in question were
   compensable under the Worker's Disability Compensation Act.
   That question must first be decided by the Bureau of Workers'
   Disability Compensation. The plaintiff should file an application
   with the bureau. If the bureau determines that the plaintiff's
   injuries were suffered in the course of his employment, or if the
   plaintiff fails to apply for a bureau determination within 30
   days or to seek review of the Court's decision in the Supreme
   Court in timely fashion, the accelerated judgment for Arby's in

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 50.
[2] 82 Am Jur 2d, Workmen's Compensation § 545.
[3] 81 Am Jur 2d, Workmen's Compensation § 53.
[4, 5] 81 Am Jur 2d, Workmen's Compensation § 67.
   Right to maintain direct action against fellow employee for injury
      or death covered by workmen's compensation. 21 ALR3d 845.
[6] 61A Am Jur 2d, Pleading §§ 230, 231.
   73 Am Jur 2d, Summary Judgment §§ 26, 27.

the circuit court should stand affirmed. If the bureau finds the injuries not to be work-related, the circuit court action should proceed.

2. The plaintiff's claim against defendant Duke is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. Therefore, the order of summary judgment entered by the court, *sua sponte,* for Duke was improper and should be reversed.

Reversed and remanded.

1. WORKERS' COMPENSATION — EXCLUSIVE-REMEDY PROVISION.

The exclusive-remedy provision of the Worker's Disability Compensation Act applies where recovery is sought for personal injuries arising out of and in the course of employment· and where the claim is based upon the employer-employee relationship between the parties (MCL 418.301; MSA 17.237[301]).

2. WORKERS' COMPENSATION — TORTS — JURISDICTION.

The Bureau of Workers' Disability Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act (MCL 418.841; MSA 17.237[841]).

3. WORKERS' COMPENSATION — ACTION UNRELATED TO EMPLOYER-EMPLOYEE RELATIONSHIP.

A plaintiff need not first seek relief from the Bureau of Workers' Disability Compensation before suing in the courts where it is clear that the employer-employee relationship is unrelated to the cause of action.

4. WORKERS' COMPENSATION — CO-WORKERS — IMMUNITY.

The co-employee immunity provision of the Worker's Disability Compensation Act requires that both employees must be acting in the course of their employment at the time the injury occurred (MCL 418.827[1]; MSA 17.237[827][1]).

5. WORKERS' COMPENSATION — ASSAULTS — WILLFUL MISCONDUCT.

An employee may recover workers' disability compensation benefits for injuries received in assaults, whether sportive or malicious, which arise out of the employment and are received in the course thereof except where the injured employee's actions are of such a gross and reprehensible nature as to constitute intentional and willful misconduct.

6. JUDGMENTS — SUMMARY JUDGMENTS — ACCELERATED JUDGMENTS
   — COURT RULES.

    A motion for summary judgment based on the failure of the
opposing party to state a claim upon which relief could be
granted tests only the legal, not the factual, sufficiency of the
pleadings and should be granted where the claim is so clearly
unenforceable as a matter of law that no factual development
could possibly justify a right to recover; similarly, in reviewing
motions for accelerated judgments, courts must accept all well-
pled allegations of the nonmoving party as true and when a
factual issue exists, it is improper to grant a motion for
accelerated judgment (GCR 1963, 117.2[1]).

*Frank R. Langton & Associates, P.C.* (by *Barry
Sigman),* for plaintiff.

*Lacey & Jones* (by *Stephen J. Schwartz),* for
defendant Arby's, Incorporated.

Before: CYNAR, P.J., and M. J. KELLY and D. C.
RILEY, JJ.

CYNAR, P.J. Plaintiff appeals as of right from a
Wayne County Circuit Court order granting accel-
erated judgment for defendant Arby's, Inc., and
from another order dismissing plaintiff's action
against defendant Duke.

On September 18, 1980, plaintiff filed a suit in
Wayne County Circuit Court, naming David Duke
and Arby's, Inc., as codefendants. Plaintiff alleged
that Duke committed an assault and battery upon
him at a company picnic sponsored by Arby's for
its employees, resulting in physical, mental and
emotional damages. Arby's allegedly was negligent
in that it failed to provide a safe premises for the
picnic and failed to provide adequate supervision
and management of the picnic.

Plaintiff was an assistant manager of an Arby's
fast-food franchise in Troy, Michigan, and defen-
dant Duke was an employee at another Arby's

store. On August 17, 1980, defendant Arby's sponsored a picnic at Huron Metro Park for its management personnel from the local region and their guests. Attendance at the picnic was apparently voluntary, although an affidavit in support of the motion by Arby's for accelerated judgment stated that attendance was strongly encouraged, that the social aspect of the picnic was minor, and that there was much discussion of Arby's work policies at the picnic. Arby's provided food and beverages, including free beer. Plaintiff claims that Duke became intoxicated and hostile and as a result stabbed him in the neck, chin and arm causing nerve damage and serious scarring and disfigurement. Plaintiff had never met nor worked with Duke prior to the day in question.

In its answer, Arby's raised the affirmative defense that plaintiff's complaint had failed to state a claim upon which relief could be granted in that plaintiff's claim was barred by the exclusive-remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiff then moved for partial summary judgment or to strike Arby's affirmative defense. Arby's filed a response to plaintiff's motion as well as its own alternative motion for accelerated or summary judgment, contending that the action was barred as a matter of law.

The trial court denied plaintiff's motion to strike defendant's affirmative defense and granted defendant's motion for accelerated judgment. On April 10, 1981, an order of summary judgment was entered dismissing plaintiff's suit against defendant Duke and Duke's counterclaim against plaintiff on the ground that, as co-employees of Arby's, their claims against each other would be barred by the exclusive-remedy provision of the Worker's Disability Compensation Act.

Plaintiff now brings this appeal.

I

The trial court granted accelerated judgment for Arby's in the instant case, finding that there was no dispute as to any material fact and that there were sufficient employment-related characteristics to the picnic so as to bring plaintiff's injuries within the scope of the Worker's Disability Compensation Act, thereby barring an independent civil tort action.

Our review of the record shows that there was a dispute between the parties as to the nature of the function at which the stabbing incident took place. Plaintiff contends that the picnic was a purely social event given for the benefit of the employees who were invited while defendant contends that substantial business-related benefits were to be derived from the gathering.

Section 131 of the Worker's Disability Compensation Act provides:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

MCL 418.841; MSA 17.237(841) provides:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in question of law."

An action is precluded by § 131 if it seeks recovery for a personal injury arising out of and in the course of employment and if the suit is based upon the employer-employee relationship between the parties. MCL 418.301; MSA 17.237(301); *Bednarski v General Motors Corp*, 88 Mich App 482, 484; 276 NW2d 624 (1979); *Peoples v Chrysler Corp*, 98 Mich App 277; 296 NW2d 237 (1980).

Numerous Michigan cases have enforced the principle that issues concerning injuries and whether they arose out of and in the course of the employment relationship are exclusively within the purview of the Bureau of Workers' Disability Compensation (bureau). For example, in *Sewell v Bathey Manufacturing Co*, 103 Mich App 732; 303 NW2d 876 (1981), this Court stated:

"It is also beyond peradventure that the question of whether the act applies to a particular injury, *i.e.*, whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp*, 397 Mich 356, 358-359; 245 NW2d 26 (1976), *St Paul Fire & Marine Ins Co v Littky*, 60 Mich App 375, 377-378; 230 NW2d 440 (1975), MCL 418.841; MSA 17.237(841)." *Id.*, 737.

Accord, *Bednarski, supra; Cowan v Federal-Mogul Corp*, 86 Mich App 619, 621; 273 NW2d 487 (1977);

*Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968).

Exclusive jurisdiction lies with the bureau even though plaintiff's complaint does not allege or rely on an employment relationship between the parties. *Bednarski, supra; Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979).

The only exception to the bureau's exclusive jurisdiction is where it is obvious that the cause of action is not based on the employer-employee relationship. In such cases, the circuit court does have authority to reject the claimed applicability of the exclusive-remedy provision. *Panagos v North Detroit General Hospital,* 35 Mich App 554, 559; 192 NW2d 542 (1971); *Modeen v Consumers Power Co,* 384 Mich 354; 184 NW2d 197 (1971).

We cannot agree with the trial court in the instant case that, as a matter of law, the injuries in question are compensable under the act.

Accordingly, we hold that the trial court erred in deciding that the alleged injury arose out of and in the course of the employment relationship. That question must first be decided by the bureau. We reverse the circuit court's order in that respect and remand the matter to the circuit court. Plaintiff shall, within 30 days of the release date of this opinion, file with the bureau an application for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau determines that plaintiff's injuries were suffered in the course of his employment, or if plaintiff fails to apply for a bureau determination within 30 days or to seek review of this decision in the Supreme Court in timely fashion, the accelerated judgment of dismissal in the circuit court shall stand affirmed but

without prejudice for the reasons stated in this opinion. If the bureau finds the injuries not to be work-related, the circuit court action may proceed. See *Dixon, supra,* 150.

## II

Although it was not initially raised by the parties, we requested submission of supplemental briefs on the question of the applicability of a recent amendment of MCL 418.301(3); MSA 17.237(301)(3). That amendment provides:

"Notwithstanding this presumption, an injury incurred exclusively in the pursuit of a social or recreational activity is not covered under this act. Any cause of action brought for such an injury is not subject to section 131."

Aside from the question of retroactive application of the amendment, its applicability also depends on whether the injury in the instant case was "incurred exclusively in the pursuit of a social or recreational activity". Due to the conflicting assertions of the parties on the character of the picnic at which the injury occurred, we think it premature to decide, at this time, whether the statute applies.

## III

Plaintiff claims that the trial court erred in dismissing his suit against defendant Duke. The trial court's dismissal was grounded on the third-party tortfeasor section of the Worker's Disability Compensation Act, MCL 418.827; MSA 17.237(827), which provides in pertinent part:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. * * *"

Section 827 bars a suit against a co-employee only where *both employees* are acting in the course of their employment at the time the injury occurred. *Robards v Estate of Kantzler,* 98 Mich App 414, 419; 296 NW2d 265 (1980); *Dixon, supra,* 146-147. Where either party was not acting in the course of employment, however, the statutory bar does not apply. *Dixon, supra,* 147.

Injuries received in an assault are not beyond the realm of compensability if they arise out of the employment and are received in the course thereof. *Crilly v Ballou,* 353 Mich 303, 327; 91 NW2d 493 (1958); *Andrews v General Motors Corp,* 98 Mich App 556, 558-559; 296 NW2d 309 (1980). See, also, *Brady v Clark Equipment Co,* 72 Mich App 274; 249 NW2d 388 (1976), *rev'd* 400 Mich 806 (1977). Injuries received as a result of intentional and willful misconduct of another employee, however, are excluded from compensation coverage. *Crilly, supra,* 327.

Plaintiff stated in his complaint that defendant Duke, without provocation, brutally stabbed and cut him with a knife in the neck, face and arm. Duke's action in stabbing the plaintiff hardly appears to have been activity by Duke carried on in the course of employment; rather, defendant Duke's actions may have been willful and inten-

tional misconduct as discussed in *Crilly.* It may be that Duke acted outside the scope of employment when he attacked plaintiff and thus could not use the exclusive-remedy provision of the act as a shield against plaintiff's civil suit.

Pursuant to our discussion of the first issue in this opinion, it remains to be decided whether either plaintiff's or defendant Duke's attendance at the function in question was in the course of employment. Even if it is found to be so, defendant may not fall under the co-employee bar of the act by reason of willful misconduct or his failure to be pursuing the interests of his employer.

In the case at bar, the circuit court *sua sponte* entered an order of summary judgment against the plaintiff as to his claim against defendant Duke. Regardless of whether this should have been an order of accelerated judgment, *Bednarski, supra,* a review of the record convinces us that the order was incorrect. A motion for summary judgment under GCR 1963, 117.2(1) tests only the legal, not the factual, sufficiency of the pleadings and should only be granted where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover.

Similarly, in reviewing motions for accelerated judgment, courts must accept all well-pled allegations of the nonmoving party as true. *Robards, supra,* 416. When a factual issue exists, it is improper to grant a motion for accelerated judgment. *Baker v Detroit,* 73 Mich App 67, 75; 250 NW2d 543 (1976).

It is evident that plaintiff's claim against defendant Duke is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. Therefore, the

order of summary judgment entered *sua sponte* as to Duke was improper and is hereby reversed.

Reversed and remanded for further proceedings in accordance with this opinion.