HOUGHTALING v CHAPMAN

Docket No. 61166. Submitted July 14, 1982, at Lansing.—Decided
September 23, 1982.

William Houghtaling and his wife, Nancy, brought a tort action
in Ingham Circuit Court for alleged injuries to William Hough-
taling resulting from his ingestion of two brownie cookies
which contained marijuana. The complaint alleged that the
brownies were made by Oliver Chapman and offered to Hough-
taling by Kennis R. Pentecost. The offer of the brownies and
their ingestion allegedly took place at the place of employment
of all three men. Defendants moved for accelerated judgment
on the basis of the exclusive remedy provision of the Worker's
Disability Compensation Act. Plaintiffs denied that the defen-
dants were acting within the scope of their employment and
amended their complaint to allege both negligence and deliber-
ate, careless or intentional infliction of harm by defendant. The
court, James T. Kallman, J., granted defendants' motion for
accelerated judgment. Plaintiffs appeal. *Held:*

Except under limited circumstances not applicable here,
exclusive jurisdiction to determine whether a particular injury
is work related and thus subject to the exclusive remedy
provision of the Worker's Disability Compensation Act lies with
the Bureau of Workers' Disability Compensation. The trial
court erred in determining as a matter of law that the exclu-
sive remedy provision applied. The trial court's order is re-
versed and the matter is remanded to permit plaintiff husband
to file with the bureau an application for a hearing on the
question in controversy. If such application is made within 30
days of the release of this opinion or if leave to appeal is sought
in the Supreme Court, the trial court shall hold the instant
action in abeyance. If plaintiff husband fails to make applica-
tion with the bureau or to seek leave to appeal in the Supreme
Court within 30 days or if the bureau determines that plaintiff
husband's injuries were suffered in the course of his employ-

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 545, 546.

ment, the accelerated judgment of dismissal shall stand affirmed but without prejudice.

Reversed and remanded.

WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION.

The Bureau of Workers' Disability Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act; this exclusive jurisdiction exists even though an employee's complaint in a particular action does not allege or rely on an employment relationship between the parties; the only exception to the bureau's exclusive jurisdiction is in situations where it is obvious that the cause of action is not based on an employment relationship, in which case the circuit court has authority to reject the claimed applicability of the exclusive remedy provision of the act (MCL 418.131, 418.841; MSA 17.237[131], 17.237[841]).

*Abood & Abood, P.C.* (by *William E. Rheaume*), for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Deborah A. Deprez*), for Oliver Chapman.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for Kennis R. Pentecost.

Before: ALLEN, P.J., and CYNAR and R. B. MARTIN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the entry of accelerated judgment in favor of defendants.

Plaintiffs filed suit against defendants on July 30, 1981, alleging that on December 24, 1980, plaintiff William Houghtaling ate two brownie

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cookies which contained marijuana while at his place of employment, an Oldsmobile plant in Lansing. The complaint alleges that the brownies were made by defendant Chapman and offered to William Houghtaling by defendant Pentecost. According to plaintiffs, the ingestion of the brownies caused William Houghtaling to lose control of his arms, legs and speech, eventually resulting in severe mental and physical injuries.

Defendants moved for accelerated judgment, contending that William Houghtaling and the defendants were coemployees. Defendants argue that, under these circumstances, plaintiffs' action is barred by the exclusive remedy provision of the Worker's Disability Compensation Act (act). MCL 418.131; MSA 17.237(131). Defendant Pentecost in his answer included an affirmative defense, contending that, because William Houghtaling and defendants were coemployees, workers' compensation was the sole remedy. Plaintiffs' answer to defendants' motion for accelerated judgment denies that defendants had acted within the scope of their employment and denies that workers' compensation is the sole remedy. Plaintiffs' first amended complaint alleges negligence and deliberate, careless or intentional infliction of harm on the part of the defendants.

Section 131 of the act provides that benefits, as provided in the act, shall be an employee's exclusive remedy against the employer. MCL 418.131; MSA 17.237(131). Section 827 of the act preserves the employee's right of action against a tortfeasor other than a natural person in the same employ. MCL 418.827; MSA 17.237(827).

Numerous Michigan cases have enforced the principle that issues concerning injuries and whether they arose out of and in the course of the

employment relationship are exclusively within the purview of the Bureau of Workers' Disability Compensation (bureau). In *Sewell v Bathey Mfg Co,* 103 Mich App 732, 737; 303 NW2d 876 (1981), this Court stated:

"It is also beyond peradventure that the question of whether the act applies to a particular injury, *i.e.,* whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356, 358-359; 245 NW2d 26 (1976); *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 377-378; 230 NW2d 440 (1975); MCL 418.841; MSA 17.237(841)."

Accord, *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979); *Cowan v Federal-Mogul Corp,* 86 Mich App 619; 273 NW2d 487 (1977); *Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968), *lv den* 381 Mich 772 (1968).

Exclusive jurisdiction lies with the bureau even though a plaintiff's complaint does not allege or rely on an employment relationship between the parties. *Bednarski, supra; Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979).

The only exception to the bureau's exclusive jurisdiction is where it is obvious that the cause of action is not based on the employer-employee relationship. In such cases, the circuit court has authority to reject the claimed applicability of the exclusive remedy provision. *Panagos v North Detroit General Hospital,* 35 Mich App 554, 559; 192 NW2d 542 (1971); *Modeen v Consumers Power Co,* 384 Mich 354; 184 NW2d 197 (1971).

We feel that the trial court in the instant case went too far when it concluded that, as a matter of

law, workers' compensation is the sole and exclusive remedy for William Houghtaling's injuries. That question must first be decided by the bureau. We reverse the circuit court's order in that respect and remand the matter to the circuit court. William Houghtaling shall, within 30 days of the release date of this opinion, file with the bureau an application for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau determines that William Houghtaling's injuries were suffered in the course of his employment, or if William Houghtaling fails to apply for a bureau determination within 30 days or to seek review of this decision in the Supreme Court in timely fashion, the accelerated judgment of dismissal in the circuit court shall stand affirmed but without prejudice for the reasons stated in this opinion. If the bureau finds the injuries not to be work-related, the circuit court action may proceed. See *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982), and *Buschbacher v Great Lakes Steel Corp,* 114 Mich App 833; 319 NW2d 691 (1982).

Reversed and remanded.