## SCHWARTZ v GOLDEN

Docket No. 63977. Submitted April 20, 1983, at Detroit.—Decided July 6, 1983.

Steven M. Schwartz and Harold Golden were commission salesmen working for Leeds Furniture Company. Both were attempting to approach a customer and a dispute arose between them as to whose turn it was to wait on the customer. The dispute led to Schwartz's being punched in the face by Golden. Schwartz then filed suit against Golden in Oakland Circuit Court alleging an assault and battery and claiming pain and suffering, loss of earnings, medical and hospital expenses and interference with his personal and social activities. Defendant moved for accelerated judgment on the grounds that plaintiff's action was barred by the coemployee immunity doctrine of the Worker's Disability Compensation Act and that the court lacked jurisdiction since the workers' compensation act provided plaintiff's exclusive remedy. The court, Alice L. Gilbert, J., entered an order finding that the court had jurisdiction to the extent of the damages not compensable under the workers' compensation act. The court granted in part and denied in part defendant's motion for accelerated judgment. Plaintiff was found to be entitled to proceed with the cause of action as it pertained to those damages which would not be compensable under the worker's compensation act but not entitled to proceed with the cause of action as it pertained to those damages which would be compensable under the act. Pursuant to local court rule, a mediation hearing was held and the panel recommended a sum of damages less than the jurisdictional minimum of the circuit court, and the matter was remanded for trial in district court. Defendant renewed his motion for accelerated judgment before the district court and added a motion

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 81 Am Jur 2d, Workmen's Compensation § 67.
  82 Am Jur 2d, Workmen's Compensation §§ 330, 331.
  Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 587, 635.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 314, 315, 319.

for summary judgment. The district court affirmed Judge Gilbert's order that granted in part and denied in part the defendant's motion for accelerated judgment and scheduled the matter for trial. Trial by jury in district court resulted in a verdict in favor of the plaintiff in the sum of $15,000, and a judgment in that amount was entered. Three weeks later, defendant filed a "Motion To Set An Appeal Bond and/or Stay of Proceedings on Appeal Without Bond" or for bond without surety and further sought an extension of time in which to file the bond. The motions were denied. Defendant then filed a claim of appeal with the Oakland Circuit Court but did not file a bond on appeal. The appeal was assigned to Judge Gilbert. Defendant renewed his motions concerning the bond in circuit court and also filed a motion seeking to disqualify Judge Gilbert from hearing the appeal due to her earlier ruling on defendant's motion for accelerated judgment. Plaintiff countered with a motion to dismiss the appeal because no bond had been filed and the appeal had not been properly perfected pursuant to the court rules. The court denied defendant's motions, granted plaintiff's motion, and dismissed defendant's claim of appeal for failure to file a proper appeal bond. Prior to Judge Gilbert's final order dismissing defendant's claim of appeal, the Supreme Court ruled in an unrelated case that a bond is required only if the appellant seeks a stay of proceedings to enforce the lower court's judgment and entered an order amending the court rules to so state. Relying upon that Supreme Court case, defendant filed a motion for delayed appeal and added a supplemental motion for reinstatement of his claim of appeal. The motions were heard and denied by Judge Gilbert. During the interim, plaintiff levied against his judgment and fully satisfied the same. Defendant then filed an application for leave to appeal to the Court of Appeals. Leave was granted. *Held:*

1. The circuit court erred in dismissing defendant's appeal based on failure to file an appeal bond. In the interests of judicial economy the Court of Appeals decided to resolve the issue defendant sought to raise in the circuit court.

2. The assault and battery committed by defendant resulted from the stresses, tensions, and associations of the working environment, and defendant was acting in the course of his employment when he committed the assault. An action against a coemployee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury occurred. It cannot be said that plaintiff was so clearly outside his course of employment when assaulted as to fall

within the exception to the rule that issues concerning injuries and whether they arose out of and in the course of employment must be initially submitted to the Bureau of Workers' Disability Compensation for determination as to jurisdiction and liability. The exception states that only cases in which employment is clearly unrelated to the cause of action may be commenced in circuit court without an initial determination by the bureau. Therefore, plaintiff shall, within 30 days of the release date of the Court of Appeals opinion, file an application for a hearing on the question in controversy with the bureau. If such an application is timely filed, the district court shall hold this case in abeyance pending the bureau's decision. If the bureau finds that plaintiff was acting in the course of his employment at the time the injury occurred or if plaintiff fails to file an application with the bureau within 30 days, the district court's decision is reversed. If the bureau finds that plaintiff was not acting in the course of his employment at the time the injury occurred, the district court's decision is affirmed.

Remanded for further proceedings.

1. WORKERS' COMPENSATION — COEMPLOYEES.

An action against a coemployee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury occurred; cases in which the key issue is whether the defendant assailant was acting in the course of his employment have been treated as within the jurisdiction of the circuit court, whereas the issue of whether the plaintiff victim was acting in the course of his employment is an issue within the exclusive jurisdiction of the Bureau of Workers' Disability Compensation; this distinction is justified because whether defendant was acting in the course of his employment is irrelevant to whether the plaintiff can obtain workers' compensation benefits (MCL 418.827[1]; MSA 17.237[827][1]).

2. WORKERS' COMPENSATION — JURISDICTION.

Issues concerning injuries and whether they arose out of and in the course of employment must be initially submitted to the Bureau of Workers' Disability Compensation for determination as to jurisdiction and liability.

3. COURTS — CIRCUIT COURT — ACTIONS AGAINST COEMPLOYEES — ACTIONS UNRELATED TO EMPLOYMENT.

Only those actions against coemployees in which employment is clearly unrelated to the cause of action may be commenced in circuit court without an initial determination by the Bureau of Workers' Disability Compensation.

4. Workers' Compensation — Coemployees.

> Not every assault on a coemployee is outside the course of employment; purely personal, non-work-connected, disputes and acts of such gross and reprehensible nature as to constitute intentional and wilful misconduct have been held to be outside the course of employment while "horseplay" and assaults resulting from the stresses, tensions, and associations of the working environment, human and material, have been held to be within the course of employment.

*Levin, Levin, Garvett & Dill* (by *Richard M. Selik*), for plaintiff.

*Grant, Boigon, Schon & Wise, P.C.* (by *Stanley E. Wise*), for defendant.

Before: Bronson, P.J., and J. H. Gillis and Mac-Kenzie, JJ.

MacKenzie, J. In this action for assault and battery, after a jury trial in district court, a verdict was returned for plaintiff in the amount of $15,000. Defendant's appeal to circuit court was dismissed for failure to file an appeal bond, and this Court granted defendant's application for leave to appeal.

The circuit court erred in dismissing defendant's appeal. *Wright v Fields,* 412 Mich 227; 313 NW2d 902 (1981). However, in the interests of judicial economy, we will resolve the issue defendant sought to raise in circuit court.

An action against a coemployee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury occurred. MCL 418.827(1); MSA 17.237(827)(1); *Helmic v Paine,* 369 Mich 114, 119-120; 119 NW2d 574 (1963); *Fidelity & Casualty Co of New York v DeShone,* 384 Mich 686, 690-691; 187 NW2d 215 (1971). Issues concerning injuries and whether they arose out of and in the course of

employment must be initially submitted to the Bureau of Workers' Disability Compensation for determination as to jurisdiction and liability. *Szydlowski v General Motors Corp*, 397 Mich 356; 245 NW2d 26 (1976); *Herman v Theis*, 10 Mich App 684; 160 NW2d 365 (1968); *Bednarski v General Motors Corp*, 88 Mich App 482; 276 NW2d 624 (1979); *Dixon v Sype*, 92 Mich App 144; 284 NW2d 514 (1979); *Sewell v Bathey Mfg Co*, 103 Mich App 732; 303 NW2d 876 (1981); *Johnson v Arby's, Inc*, 116 Mich App 425; 323 NW2d 427 (1982); *Houghtaling v Chapman*, 119 Mich App 828; 327 NW2d 375 (1982).

Only cases in which employment is clearly unrelated to the cause of action may be commenced in circuit court without an initial determination by the bureau. Compare *Panagos v North Detroit General Hospital*, 35 Mich App 554; 192 NW2d 542 (1971), with *Neal v Roura Iron Works, Inc*, 66 Mich App 273; 238 NW2d 837 (1975). It should be noted that *Dixon v Sype, supra,* and *Houghtaling v Chapman, supra,* were actions against coemployees which turned on whether plaintiff was acting in the course of his employment. Cases in which the key issue was whether defendant was acting in the course of his employment have been treated as within the jurisdiction of the circuit court. See *Herndon v UAW Local No 3*, 56 Mich App 435; 224 NW2d 334 (1974), and *Johnson v Arby's, supra.* The latter case provides a particularly striking example of this distinction, because the *Johnson* Court, in disposing of plaintiff's claim against his employer, recognized that whether plaintiff was acting in the course of his employment was an issue within the bureau's exclusive jurisdiction. The distinction is justified because, in view of MCL 418.827(1); MSA 17.237(827)(1), whether defendant

was acting in the course of his employment is irrelevant to whether plaintiff can obtain workers' compensation benefits.

Not every assault is outside the course of employment. In *Crilly v Ballou,* 353 Mich 303, 326-327; 91 NW2d 493 (1958), the Court held that purely personal, non-work-connected, disputes and acts of such gross and reprehensible nature as to constitute intentional and wilful misconduct were outside the course of employment but that "horseplay" and assaults resulting from the stresses, tensions, and associations of the working environment, human and material, were within the course of employment. Here, plaintiff and defendant were furniture salespersons and were paid on a commission basis. It was undisputed that the assault and battery resulted from a dispute between plaintiff and defendant as to which of them would wait on a particular customer. Therefore, the assault and battery committed by defendant resulted from the stresses, tensions, and associations of the working environment, and defendant was acting in the course of his employment when he committed the assault. Compare *Herndon v UAW Local No 3, supra,* in which the assault resulted from a labor dispute.

Plaintiff could still recover if it was determined that he was not acting in the course of his employment when assaulted. However, in view of *Crilly v Ballou, supra,* it cannot be said that plaintiff was so clearly outside the course of his employment when assaulted as to fall within the exception stated in *Panagos v North Detroit General Hospital, supra.* We therefore apply a remedy analogous to that applied in *Bednarski v General Motors, supra,* p 487; *Dixon v Sype, supra,* pp 149-150; *Johnson v Arby's, supra,* pp 431-432, and *Hough-*

*taling v Chapman, supra,* p 832. We remand this case to district court. Plaintiff shall, within 30 days of the release date of this opinion, file an application for a hearing on the question in controversy with the bureau. If such an application is timely filed, the district court shall hold this case in abeyance pending the bureau's decision. If the bureau finds that plaintiff was acting in the course of his employment at the time the injury occurred or if plaintiff fails to file an application with the bureau within 30 days, the district court's decision is reversed. If the bureau finds that plaintiff was not acting in the course of his employment at the time the injury occurred, the district court's decision is affirmed.

Remanded for further proceedings consistent with this opinion. We retain no jurisdiction.