**Duane MACK, Plaintiff,**

v.

**STRATEGIC MATERIALS, INC., Defendant.**

No. 01–72034.

United States District Court,
E.D. Michigan,
Southern Division.

June 16, 2003.

of mere trial participants, Defendants have failed to satisfy even this lower standard in this case.

Jonathan A. Green, Green & Green, Farmington Hills, MI, for plaintiff.

Martin T. Wymer, Barry Y. Freeman, Duvin, Cahn, Southfield, MI, for defendant.

## *MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD* [1]

COHN, District Judge.

### I. INTRODUCTION

This is a negligence case. Plaintiff Duane Mack (Mack) was attacked and brutally beaten while working at a glass recycling plant owned and operated by his employer, Defendant Strategic Materials, Inc. (Strategic). Mack applied for workers compensation benefits (benefits); his claim was denied because a magistrate found that his attack did not arise of out the employment relationship. Mack then filed suit against Strategic in Wayne County Circuit Court. The matter was removed to federal court and sent to arbitration pursuant to an arbitration agreement. The arbitration panel, in a two to one decision, issued an Arbitration Award and Opinion (Award) finding in favor of Strategic and denying all recovery to Mack.

Before the Court is Mack's motion to vacate the Award due to manifest error and findings contrary to law on the part of the arbitrators. For the reasons that follow, the motion is DENIED.

---

1. The Court ordinarily would have oral argument on the motions. However, in this case the Court finds that oral argument is not necessary. *See* E.D. Mich. LR 7.1(e)(2).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Strategic is a national company that recycles glass. It has a plant in Detroit. Mack was hired in June, 1998 to work as shift supervisor on the night shift. He had the authority to hire and fire people and to implement security measures. There had been no incidents of violent crime at the Detroit plant in the past; Mack did not implement any security measures.

At approximately 1:30 a.m. on August 25, 1998, two men entered the Detroit plant and asked an employee for "Duane." Mack was looking at the two men as they entered the plant and said nothing. The employee directed the men to Mack and left. A few minutes later another Strategic employee discovered Mack lying on the floor bleeding from the head having been severely beaten. That employee said that the assault appeared to have been perpetrated by trained professionals.

Mack does not remember anything about the assault or its aftermath. He now suffers from headaches, fatigue, weakness in his right hand, and memory problems, but he has otherwise recovered. Mack had a history of cocaine abuse; he has since quit using cocaine.

On September 17, 1999 Mack filed a workers' compensation claim against Mack. The claim was denied because the magistrate found that the assault did not arise out of any employment relationship but rather that it was more likely related to Mack's cocaine use.

Mack filed suit against Strategic in Wayne County Circuit Court on March 30, 2001. Strategic removed the case to federal court based on diversity jurisdiction.

Following removal the parties agreed to arbitrate the case. The Court then stayed the matter pending the arbitration. The arbitration agreement reads in relevant part

Any award rendered by the arbitrators will be final, conclusive and binding upon the parties, and any Judgment thereon may be entered by and enforced in any court of competent jurisdiction. Notwithstanding the foregoing, any such court may vacate the award upon the application of either Mack or Strategic if it is proved that ... there was manifest error [or] that the award is contrary to law ...

The arbitrators issued an Award on April 17, 2003. The Award included the following analysis:

MCL 418.131 provides that benefits, as provided in the act, shall be an employee's exclusive remedy against the employer. The question of whether the act applies to a particular injury, i.e., whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workers' Compensation. *Houghtaling v. Chapman,* 119 Mich.App. 828, 831, 327 N.W.2d 375 (1982). Exclusive jurisdiction lies with the bureau even though a plaintiff's complaint does not allege or rely on an employment relationship between the parties. *Id.* The only exception to the bureau's exclusive jurisdiction is where it is obvious that the cause of action is not based on the employer-employee relationship. In such cases, the circuit court has authority to reject the claimed applicability of the exclusive remedy provision. *Id.*

...

Claimant has failed to present any law which states that a claimant who was denied the opportunity to recover workers' compensation benefits based upon the absence of a "work related injury" was then permitted to file a tort action against the employer for the same inju-

ry. Rather, the holding of *Brattin* indicates that no such remedy exists.

The case the arbitrators relied on is *Brattin v. Ford Motor Co.*, No. 202535, 1998 WL 1989519 (Ct.App.Mich. Oct. 23, 1998) (unpublished).

## III. STANDARD OF REVIEW

■■■ An arbitration award may be set aside when certain statutory grounds, not at issue here, are met, or when the arbitration award was made "in manifest disregard of the law." *Merrill Lynch v. Jaros*, 70 F.3d 418, 421 (quoting *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)). The Sixth Circuit

> has emphasized that manifest disregard of the law is a very narrow standard of review. A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

*Id.* (citations omitted). Michigan arbitration law is preempted by the Federal Arbitration Act. *See St. Luke's Hospital v. SMS Computer Systems, Inc.*, 785 F.Supp. 1243, 1247 (E.D.Mich.1991).

## IV. DISCUSSION

■■■ *Brattin v. Ford Motor Co.*, No. 202535, 1998 WL 1989519 (Mich.Ct.App. Oct. 23, 1998) (unpublished), cited by the arbitrators, is persuasive authority directly on point with the facts of this case. In *Brattin*, the plaintiff was shot by her estranged husband while at work. *Id.* The Michigan Court of Appeals found that the plaintiff was in an employment relationship with the defendant and thus was restricted to the exclusive remedy of benefits under the statute absent an allegation of an intentional tort. *Id.* at *4.[2] *Brattin* is good law. Mack has not presented any case law contrary to *Brattin* holding that once an employee has been denied benefits for an injury occurring at work, that employee may then sue the employer for a tort based on the same injury. Mack has failed to show a "manifest disregard of the law" in the Award.[3]

---

2. The Court of Appeals said:

> Plaintiff argues that she is not subject to the exclusive remedy provision in this instance because her injury was not work related but was instead the result of a personal conflict with her estranged husband. Indeed, when an employee is injured at work through the intentional acts of a third party, and the conflict giving rise to the injury was personal in nature and not work related, the injured employee is not entitled to statutory worker's compensation benefits. Plaintiff argues that a corollary to this rule is that when an employee's injuries do not arise from the course of employment, the employee is not confined to the statutory worker's compensation remedies and remains free to sue the employer under general tort principles. We do not accept this reasoning. Regardless of how plaintiff obtained her injuries, plaintiff was undeniably in an

> employment relationship with defendant and, according the plain meaning of the statute as quoted above, remains restricted to the exclusive remedy of benefits under the statute absent an allegation of an intentional tort. Plaintiff cites no authority that stands for the proposition that an employee may sue her employer for negligence over an injury occurring at work but otherwise unrelated to her employment. Plaintiff's only recourse against defendant outside of the act was to allege an intentional tort, which she did not do.

> Id. at *4 (citations omitted).

3. Strategic also argues that it had no legal duty to prevent the assault and that it cannot be liable because the assault was not foreseeable. Since the Award was not "in manifest disregard of the law," it is unnecessary to address these alternative arguments.

Rather, the Award and the Michigan Court of Appeals in *Brattin* correctly interpreted Michigan's Worker's Disability Compensation Act. "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort." MICH. COMP. LAWS § 418.131(1) (West 1999). Benefits are granted only for work-related injuries. The statute states that benefits are the exclusive remedy for personal injuries generally, not just those for which benefits may be awarded. The Michigan Court of Appeals explained that the Act's amendment in 1972 created an exclusive remedy for all employees injured at work, not just those entitled to benefits:

> Moreover, the assumption that only an employer liable for payment of workers' compensation benefits is protected by the exclusive remedy provision is unwarranted. Formerly, the exclusive remedy provision read as follows:

> "Where the conditions of liability under this act exist, the right to recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

However, 1972 P.A. 285 amended the provision to read as follows:

> "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer...."

It appears to us that by removing the qualifying phrase "where the conditions of liability under this act exist", the Legislature intended to make workers' compensation the exclusive remedy against an employer regardless of whether that employer was liable for payment of compensation benefits.

*Hoffman v. National Mach. Co.*, 113 Mich. App. 66, 317 N.W.2d 289, 292 (1982) (ellipse added); *see also Jones v. General Motors Corp.*, 136 Mich.App. 251, 355 N.W.2d 646, 649 (1984) ("To hold that the Worker's Disability Compensation Act does not apply simply because plaintiff does not fall under the conditions of recovery, so that plaintiff should be permitted to go to court on a common-law negligence theory, is contrary to the intent of the Legislature in creating the act.").[4]

---

4. While *Houghtaling v. Chapman*, 119 Mich. App. 828, 327 N.W.2d 375 (1982) could be interpreted to support Mack's claim, its holding is vague and to the extent that it supports a finding that an employee may sue an employer in tort after being denied benefits by the Bureau, it is contrary to the statute. In *Houghtaling*, the plaintiff consumed—at work—two brownies containing marijuana, which resulted in mental and physical injuries. *Id.* at 830, 327 N.W.2d 375. The brownies were made by a co-employee and given to him by another co-employee. *Id.* The trial court granted accelerated judgment to the defendants because it found that the Bureau had exclusive jurisdiction over the case. *Id.* The Court of Appeals held:

> We feel that the trial court in the instant case went too far when it concluded that, as a matter of law, worker's compensation is the sole and exclusive remedy for William Houghtaling's injuries. That question must first be decided by the Bureau.... William Houghtaling shall, within 30 days of the release date of this opinion, file with the Bureau an application for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the Bureau. If the Bureau determines that William Houghtaling's injuries were suffered in the course of his employment, or if William Houghtaling fails to apply for a Bureau determination within 30 days or to seek review of this decision in the Supreme Court in timely fashion, the accelerated judgment of dismissal in the circuit court shall stand affirmed but without prejudice for the reasons stated in this opinion. If the Bureau finds the injuries not to be work-related, the circuit court action may proceed.

*Id.* at 377.

Mack argues that the magistrate's decision to deny benefits based on the lack of a work-related injury was in effect a finding that the Bureau lacked jurisdiction. He further argues that this Court therefore has jurisdiction to hear his tort claim. The magistrate's determination that Mack's injury did not "ar[i]se out of and in the course of his employment" simply means that Mack is not entitled to benefits; it does not take him out of the realm of employees injured while at work, who are all covered by the exclusive remedy provision of the Act and are within the Bureau's exclusive jurisdiction.

◼ The cases cited by Mack do not involve employees injured while at work. *Harris v. Vernier*, 242 Mich.App. 306, 617 N.W.2d 764 (2000) (injured in auto accident after work); *Zarka v. Burger King*, 206 Mich.App. 409, 522 N.W.2d 650 (1994) (injured on day off while dining as retail customer); *Johnson v. Arby's, Inc.*, 116 Mich.App. 425, 323 N.W.2d 427 (1982) (injured while at company picnic). The rule that a trial court cannot have subject matter jurisdiction until the Workers' Compensation Bureau has determined whether there is a work-related injury, *see Harris*, 617 N.W.2d at 768–69, does *not* mean that if benefits are denied, then the trial court must have jurisdiction. The fact that a Bureau proceeding provides the exclusive remedy to an employee suing their employers for injuries incurred at work indicates that it has sole jurisdiction and it is to determine whether or not any remedy is available.

SO ORDERED.