*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLEG ZUBOVICH,

      Plaintiff-Appellee,

UNPUBLISHED
August 11, 2022

v

JUNE LOUISE BUELL,

      Defendant-Appellant,

and

FREMONT INSURANCE COMPANY,

      Defendant.

No. 358091
Wayne Circuit Court
LC No. 20-007999-NI

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Defendant, June Louise Buell,[1] appeals by leave granted, *Zubovich v Fremont Ins Co*, unpublished order of the Court of Appeals, entered November 17, 2021 (Docket No. 358091), the trial court's order denying her motion for summary disposition. We reverse and remand to the trial court for summary disposition in favor of defendant.

## I. FACTUAL BACKGROUND

This case arises out of an accident that occurred on June 1, 2019, at Crystal Gardens in Southgate, Michigan. Plaintiff, an employee of Crystal Gardens, was picking up trash along a driveway that led from Fort Street to the Crystal Gardens' building when he was struck by a car

---

[1] Because only defendant June Louise Buell is a participant in this appeal, use of the term "defendant" will refer to her and not to the other defendant, Fremont Insurance Company.

driven by defendant while she was going to work for the same employer in the building itself. Plaintiff filed for, and received, worker's compensation benefits.

Plaintiff filed a complaint, alleging (in part) negligence against defendant Buell. Defendants, Buell and Fremont Insurance Company, moved the trial court for summary disposition, arguing that, because plaintiff's injury took place in the course and scope of his employment, his negligence claim was barred by the worker's compensation statute, which is the exclusive remedy for workplace injuries. The trial court concluded:

> Gentlemen, I've heard enough. And I'm not sure. So given that I'm not sure, the Court's going to deny the motion without prejudice. The Court's going to give— and I rarely do this, but if brother counsel wants to stay this matter to take an appeal, I will do that. Because I think some instruction by the Court of Appeals could be helpful, so.

Defendants moved the trial court for reconsideration, which was denied because defendants had not shown a palpable error, that, if corrected, would have resulted from the correction of such an error. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. LAW AND ANALYSIS

Defendant argues the trial court erred in determining that plaintiff's negligence claim was not barred by MCL 418.131(1). We agree.

This case deals with certain provisions of the Worker's Disability Compensation Act (WDCA) of 1969, MCL 418.101 *et seq*. "It is well settled that an employee who seeks worker's compensation must show by competent evidence not only the fact of an injury, but also that the injury occurred in connection with his employment, arising out of and in the course of that employment." *Simkins v Gen Motors Corp*, 453 Mich 703, 710; 556 NW2d 839 (1996). The exclusive remedy provision, as contained in MCL 418.131(1), states:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. . . .

In turn, MCL 418.301(3) states, in relevant part:

An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment.

MCL 418.827(1) states, in relevant part:

Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his or her dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with this section. . . .

It is undisputed that plaintiff's negligence claim is presumptively barred by MCL 418.131(1), which establishes that recovery of worker's compensation benefits "shall be the employee's exclusive remedy against the employer for a personal injury . . . ." MCL 418.131(1). "It is well settled that the exclusive remedy provision applies when an employee is injured by the negligent acts . . . of a coemployee." *Harris v Vernier*, 242 Mich App 306, 310; 617 NW2d 764 (2000).[2]

Plaintiff, however, argues that his negligence claim is nonetheless allowed under MCL 418.827(1), which essentially provides that a negligence claim is barred "against a coemployee only where *both employees* are acting in the course of their employment at the time the injury occurred." *Johnson v Arby's Inc*, 116 Mich App 425, 433; 323 NW2d 427 (1982) (emphasis in original). "Where either party was not acting in the course of employment, however, the statutory bar does not apply." *Id*. Plaintiff agrees that he was acting in the course of employment when he was injured but contends that defendant was not acting in the course of employment when she struck him with her vehicle while driving to work.

As noted, MCL 418.301(3) states that "[a]n employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment." Put another way, MCL 418.301(3) establishes a presumption that the employee is in the course of his or her employment if he or she is going to or from work and is on the premises and within a reasonable time before or after working hours. "[A]n employee's course of employment is not limited to the performance of the very job itself." *Simkins*, 453 Mich at 713.

The evidence in this case shows that defendant was in the course of her employment at the time of the accident under MCL 418.301(3). Defendant was on her way to work, was on the

---

[2] Plaintiff does not argue that the intentional-tort exception of MCL 418.131(1) applies in this case.

employer's premises,[3] and was within a reasonable time before her working hours. Specifically, she testified that she was on the employer-owned driveway leading to Crystal Gardens and was arriving fifteen minutes before her shift, which she normally did. Further, she was not engaged in any social or recreational activity unrelated to her employment. Therefore, defendant was within the course of her employment and the exclusive remedy provision of the WDCA applies, barring plaintiff's claim against defendant.

Plaintiff's contention that defendant was not on the employer's "premises" for the purposes of MCL 418.301(3) because defendant worked exclusively in a building on the site lacks merit. Since the term "premises" is not defined in MCL 418.301(3), we will consult the dictionary definition. See *Morinelli v Provident Life & Accident Co*, 242 Mich App 255, 262; 617 NW2d 777 (2000). Specifically, the term "premises" is defined, in this context, as "a tract of land with the buildings thereon" or "a building or part of a building usu[ally] with its appurtenances (as grounds)." *Merriam-Webster's College Dictionary* (11th ed). As such, because the injury to plaintiff occurred on the undisputed grounds, or premises, of the employer of plaintiff and defendant, while defendant was arriving for work just before her shift began, plaintiff's claim is barred by the WDCA.

Our conclusion in this regard is supported by *Ladner v Vander Band*, 376 Mich 321; 136 NW2d 916 (1965). In that case, an accident took place in the employer-owned parking lot. *Id*. at 323. The plaintiff had just finished his shift at work, and the defendant was arriving for the start of her shift. *Id*. at 323-324. The accident took place 25 minutes before the defendant's shift started. *Id*. at 324. Our Supreme Court determined that "both were within the statutory 'reasonable time' before or after working hours," and "both were on the premises of the employer." *Id*. at 325. This case deals with an almost identical scenario. The accident occurred within the statutory reasonable time and on the employer's premises.

Plaintiff argues that *Kuhlgert v Mich State Univ*, 328 Mich App 357; 937 NW2d 716 (2019), is more applicable than *Ladner*. *Kuhlgert* involved a German national plaintiff who was a postdoctoral research associate at Michigan State University (MSU). *Id*. at 363. While walking from her place of work to her car, which was parked in a MSU lot, the plaintiff was struck by a MSU vehicle. *Id*. At this point, she was approximately 900 feet from her place of work. *Id*. We held that, while the WDCA did not apply because the plaintiff was a foreign national exempt from the definition of "employee" under MCL 418.161(1)(b), she still would be unable to bring a tort claim regardless of her exemption status because she was not injured in the course of her employment. *Id*. at 372. We reasoned that the plaintiff had not been acting in the course of her employment because she was 900 feet away from her place of work and was walking to a parking lot she was not required by her employer to use. *Id*. at 375-376. We explained that because MCL 418.301(3) speaks not merely of the employer's premises, but "rather of 'the premises where the employee's work is to be performed,' " the statute "distinguish[es] between locations on the

---

[3] During the motion hearing in the trial court, plaintiff's counsel conceded that plaintiff "was technically on the Crystal Gardens overall premises" when he was injured and that the driveway on which he was injured was "Crystal Garden's [sic] property."

-4-

employer's premises in the vicinity of the actual place of employment and those locations that are far removed from the actual place of employment." *Id*. at 376.

*Kuhlgert* clearly is distinguishable from the matter before us. *Kuhlgert* explained that "[t]he large and contiguous nature of MSU's main campus weighs against looking at MSU's premises generally, and instead favors focusing more specifically on Ostendorf's actual workplace within the premises of the Biology Laboratories Building." *Id*. at 375. Crystal Gardens, as visually illustrated in an exhibit to defendants' motion to summary disposition, is not comparable in size to MSU's main campus. Moreover, the plaintiff in that case was not on a driveway that served the substantial purpose of allowing access to the worksite at issue. The driveway where plaintiff was injured in this case, in contrast, was essentially part of the "premises where the employee's work is to be performed[.]" MCL 418.301(3). It was largely necessary to access the worksite and therefore was a "location[] on the employer's premises in the vicinity of the actual place of employment," not a "location[] that [is] far removed from the actual place of employment." *Id.* at 376. For these reasons, plaintiff's comparison of his claim to *Kuhlgert* falls short.

Plaintiff's negligence claim is barred by both the WDCA and the Michigan caselaw interpreting it. Therefore, trial court erred in denying defendants' motion for summary disposition.

## IV. CONCLUSION

We reverse the trial court's denial of defendants' motion for summary disposition without prejudice and remand to that court for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Anica Letica

-5-