WHALEY v McCLAIN

Docket No. 90202. Submitted October 22, 1986, at Lansing. Decided
    March 16, 1987.
    Fred Whaley and Frank McClain, fellow employees, allegedly
    became involved in an argument over which one would proceed
    through a doorway first on the fork trucks they were driving,
    leading to McClain's pulling Whaley from his fork truck and
    striking Whaley, causing injuries to Whaley which required
    hospitalization. Whaley received workers' disability compensa-
    tion benefits for those injuries. Whaley and his wife, Wilhel-
    mina, brought a tort action in Ingham Circuit Court, seeking
    damages for the alleged assault by McClain. Defendant moved
    for summary disposition on the basis that the exclusive remedy
    provision of the Workers' Disability Compensation Act barred
    the action. The trial court, Thomas L. Brown, J., granted
    defendant's motion for summary disposition. Plaintiffs ap-
    pealed.
        The Court of Appeals held:
        Where, as here, an intentional tort is alleged, the Workers'
    Disability Compensation Act does not act as a bar to proceeding
    with the suit for damages.
        Reversed.

TORTS — INTENTIONAL TORTS — WORKERS' COMPENSATION REMEDIES.
    Actions for damages based on a claim of injuries arising out of an
    intentional tort by a fellow employee are not barred by the
    provisions of the Workers' Disability Compensation Act, even
    where the intentional tort took place during the course of the
    plaintiff's and defendant's employment and even where the
    plaintiff received disability compensation benefits for the inju-
    ries upon which the action for damages is based (MCL 418.131,
    418.827; MSA 17.237[131], 17.237[827]).

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 65-67.
What conduct is willful, intentional, or deliberate within workmen's
    compensation act provision authorizing tort action for such con-
    duct. 96 ALR3d 1064.
Right to maintain direct action against fellow employee for injury
    or death covered by workmen's compensation. 21 ALR3d 845.

*Sablich, Ryan, Clinton & Zolkowski, P.C.* (by *Dan J. Zolkowski*), for plaintiffs.

*Abood, Abood & Rheaume, P.C.* (by *Michael J. Otis*), for defendant.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

PER CURIAM.

#### FACTS

Plaintiff Fred Whaley and defendant were both Oldsmobile employees, working at one of the Lansing plants. One day, while they were both driving fork trucks, they got into an argument, allegedly about driving through a certain door. Defendant got out of his truck, walked over to plaintiff Fred Whaley, grabbed him by the collar, pulled him off the truck, and struck him. Plaintiff Fred Whaley was hospitalized five days for his injuries and began receiving workers' compensation benefits.

Plaintiffs, Fred Whaley and his wife, filed this action seeking damages for assault and battery. The Ingham Circuit Court granted defendant's motion for summary disposition, ruling that plaintiffs' claim was based on personal injuries so the exclusive remedy provision of the Workers' Disability Compensation Act barred this action.

#### ISSUE

Is a claim against a fellow employee alleging an intentional tort barred by the Workers' Disability Compensation Act?

* Circuit judge, sitting on the Court of Appeals by assignment.

ANSWER

On the basis of the Supreme Court's construction of the workers' compensation act, that it was never meant to apply to intentional torts, we do not believe the workers' compensation act provides a defense to an action against a coemployee alleging an intentional tort.

ANALYSIS

The workers' compensation act provides, in § 131, that an injured employee's "exclusive remedy against the employer" is the right to recover benefits under the workers' compensation act. MCL 418.131; MSA 17.237(131).

In § 827, the act states that an injured employee may not accept worker's compensation benefits and also sue the employer for damages. However, § 827 also precludes an employee who has accepted workers' compensation benefits from suing a coemployee for damages:

> Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits . . . shall not act as an election of remedies but the injured employee . . . may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. [MCL 418.827(1); MSA 17.237(827)(1).]

The Supreme Court determined in *Sergeant v Kennedy*, 352 Mich 494, 498; 90 NW2d 447 (1958), that the phrase "a natural person in the same employ," which was added in 1952 to what is now

§ 827, served "to bar all suits against coemployees by employees for injuries sustained in circumstances otherwise compensable under the act." Justice VOELKER, writing for the majority, questioned the wisdom of this legislation, quoting Larson, Workmen's Compensation, 1952 ed, § 72.50: "There is no logical reason for cutting off immunity at the plant door." *Id.,* 499. Justice VOELKER concluded:

> It must be remembered that in interpretating [sic] statutes even appellate courts must occasionally ruefully find themselves murmuring, to paraphrase a portion of Tennyson's—Charge of the Light Brigade—"ours is not to reason why." [*Id.,* 499-500.]

Michigan courts have continued to hold that an action against a coemployee for personal injuries is barred if both employees were acting in the course of their employment at the time the injury ·occurred. See, e.g., *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979); *Schwartz v Golden,* 126 Mich App 790, 793; 338 NW2d 218 (1983). Cases in which the plaintiff sued a coemployee alleging an intentional tort have turned on whether the coemployee was acting in the course of his employment and did not reach the question of whether the allegation of an intentional tort placed the case outside of the act. *Schwartz v Golden, supra* (one furniture salesman punched another while competing over a customer); *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982) (one employee shot another at company picnic); *Herndon v UAW Local No 3,* 56 Mich App 435; 224 NW2d 334 (1974) (union steward assaulted employee). The parties in this case do not dispute that this altercation arose during the course of their employment.

The Michigan Supreme Court recently reviewed the workers' compensation act in *Beauchamp v Dow Chemical Co,* 427 Mich 1, 6; 398 NW2d 882 (1986), and concluded that the Legislature never intended the exclusive remedy provision to extend to intentional torts.

> The origin and evolution of the workers' compensation act indicates that the legislation, including the exclusive remedy provision, was designed to provide an alternative compensation system respecting accidental and not intentional injuries.

The Court observed that the words "accident" and "accidental" were deleted from the act only to allow extension of coverage to occupational diseases, not to intentional torts. 427 Mich 9-10. The Court determined that the act still implicitly retains this "accident requirement," which the Court approved of as a means of insuring that "neither the employee nor the employer can use the workers' compensation act as a means of benefiting from their own intentional misconduct." 427 Mich 13. The Court unanimously agreed that intentional torts alleged against employers were not barred by the exclusive remedy provision of the act.

The *Beauchamp* Court did not discuss intentional torts alleged against coemployees, except to note that the exclusive remedy provision would not affect such an action. 427 Mich 15. The Court never mentioned § 827.

If the Legislature, as the Supreme Court has determined, did not have intentional torts in mind when enacting the workers' compensation act, and never would have included intentional torts within the ambit of the exclusivity provision had it considered intentional torts, 427 Mich 15, it would be anomalous to conclude that it nevertheless in-

tended § 827 to bar suits against coemployees alleging intentional as well as negligent torts. If the employer cannot use the workers' compensation act as a shield to protect itself from intentional misconduct, then neither should the act shield a coemployee from liability for intentional misconduct. Based on the *Beauchamp* Court's view of the workers' compensation act, the holding of *Sergeant v Kennedy, supra,* is now modified: § 827 serves to bar all *negligence* actions against coemployees by employees. Cases alleging intentional torts are simply outside the scope of the workers' compensation act; the act does not bar such cases.

### CONCLUSION

Summary disposition in favor of defendant is reversed. Neither the exclusive remedy nor coemployee provisions of the workers' compensation act bar this action by an employee against a coemployee alleging an intentional tort which arose in the course of their employment.