*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY TAYLOR,

       Plaintiff-Appellant,

v

YRC, INC., doing business as FREIGHT, and
KEVEN KING,

       Defendants-Appellees.

UNPUBLISHED
February 2, 2023

No. 358037
Oakland Circuit Court
LC No. 2019-175506-NO

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

In this negligence action, plaintiff, Anthony Taylor (Taylor) appeals as of right an order granting summary disposition to defendants, YRC, Inc., doing business as Freight (YRC), and Keven King. We affirm.

## I. BACKGROUND

This case originated with workplace injuries Taylor suffered while working at YRC's shipping terminal in Pontiac, Michigan, on December 3, 2018. YRC is a freight shipping and trucking company. Taylor was employed by a company called FAMCO, Inc. (FAMCO). For several years, FAMCO had assigned Taylor to perform light maintenance and janitorial work at YRC's Pontiac facility. Although the contract between YRC and FAMCO is not part of the record, Taylor and YRC acknowledge that at a minimum there was an implied contract between YRC and FAMCO. In early December 2018, while Taylor was walking in YRC's terminal, a forklift operated by King, a direct employee of YRC, backed up and struck Taylor, injuring him. Taylor suffered a significant injury to his left leg.

Taylor's employer, FAMCO, did not carry worker's compensation insurance, and its owner disappeared shortly after Taylor's injury. Taylor claims that his medical insurer paid his medical bills arising from the injury. He has not claimed or received worker's compensation benefits.

In late July 2019, Taylor filed a complaint alleging negligence against both YRC and King, and vicarious liability and agency claims against YRC. Defendants filed a motion for summary

disposition pursuant to MCR 2.116(C)(10), arguing that YRC was Taylor's statutory employer under MCL 418.171, so his claims were barred under MCL 418.131(1), the exclusive-remedy provision of the Worker's Disability Compensation Act (the WDCA), MCL 418.101 *et seq*. Following a hearing, the trial court granted defendants' motion for summary disposition, finding that YRC was Taylor's statutory employer.[1]  Taylor filed motions for reconsideration and for relief from judgment, which the trial court denied.  This appeal followed.

## II.  STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition.  *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

> A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim.  When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion.  A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact.  A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.  [*El-Khalil*, 504 Mich at 160 (quotation marks and citations omitted).]

## III.  LAW AND ANALYSIS

Taylor argues that the trial court erred by concluding that YRC was his statutory employer, therefore, it erred in applying the exclusive-remedy provision to bar his claim.  We disagree.

### A.  WDCA

The WDCA is Michigan's worker's compensation statute.  Ideally, the dual purpose of the WDCA is to streamline the payment and receipt of benefits for workers who are injured on the job and to limit employers' exposure to individual lawsuits by injured workers.  See *Reed v Yackell*, 473 Mich 520, 529-530; 703 NW2d 1 (2005) (opinion by TAYLOR, C.J.).  An employee, who falls within the WDCA's framework, is subject to the exclusive-remedy provision of the act, MCL 418.131(1).  See *id*.  This means, with the exception of certain intentional torts, an employee subject to the exclusive-remedy provision cannot sue their employer for a workplace injury except to recover WDCA benefits.  See *id*.; MCL 418.131(1).  The protection of the exclusive-remedy provision extends not only to the employer but also to a coworker who allegedly injured the plaintiff on the job.  *Harris v Vernier*, 242 Mich App 306, 310, 312; 617 NW2d 764 (2000); *Whaley v McClain*, 158 Mich App 533, 535-536, 538; 405 NW2d 187 (1987).  As with many worker's compensation cases, the threshold question is whether Taylor was an "employee" under the definitions in the WDCA, and in this case whether YRC was an employer.

### B.  YRC WAS TAYLOR'S STATUTORY EMPLOYER UNDER MCL 418.171(1)

---

[1] The trial court appeared to conclude that Taylor also met the statutory definition of an employee under MCL 418.161(1)(n).

The trial court correctly concluded that YRC was Taylor's statutory employer, bringing Taylor within the exclusive-remedy provision of the WDCA. Although Taylor's direct employer was FAMCO rather than YRC, the exclusive-remedy provision is nonetheless applicable in this case if YRC qualifies as Taylor's statutory employer under MCL 418.171(1). See *Burger v Midland Cogeneration Venture*, 202 Mich App 310, 314; 507 NW2d 827 (1993) ("If an employer is a statutory employer under [MCL 418.171], the exclusive remedy provision of [MCL 418.131] applies.") (Citations omitted).

A "statutory employer" or "shoot-through employer" is an employer that becomes, through function of the statute, responsible for paying the WDCA benefits of workers that are not its direct employees. See MCL 418.171.[2] This happens when the employer hires a contractor that is either not subject to the WDCA or uninsured, and the contractor's employee is injured. See *id.*; see also *McQueer v Perfect Fence Co*, 502 Mich 276, 286-290; 917 NW2d 584 (2018). Effectively, MCL 418.171 is a safety net for employees of a contractor who does not have adequate WDCA coverage. *McQueer*, 502 Mich at 289-290.

Our Supreme Court has explained:

> [MCL 418.171(1)] sets forth a statutorily imposed employment relationship, under which an employer assumes the role of a "principal" by contracting with an independent contractor, referred to as the "contractor," for the performance of any work. The principal becomes liable for the payment of workers' compensation benefits to "any person employed" by the contractor for injuries sustained while performing any work on behalf of the principal, provided

---

[2] MCL 418.171(1) provides:

> If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. If compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the person under the employer by whom he or she is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

that the contractor is either not subject to the WDCA or has failed to obtain adequate insurance as required by the WDCA. Subsection (1) thus creates a tripartite employment relationship among the principal, the contractor, and the contractor's employees. [*McQueer*, 502 Mich at 288.]

"For an employee to recover from a principal under [MCL 418.171(1)], there must be, among other things, a contract between the principal who is covered by the WDCA and a contractor employer who is not covered." *McQueer*, 502 Mich at 288 n 20 (quotation marks, brackets, and citation omitted). In short, MCL 418.171(1) "statutorily imposes an employment relationship between the principal and the contractor's uninsured employees for purposes of providing workers' compensation benefits." *McQueer*, 502 Mich at 289.

Here, the trial court correctly concluded that YRC qualifies as Taylor's statutory employer under MCR 418.171(1) as a matter of law. Using the language of that statutory provision, YRC was the principal, and FAMCO was the contractor. YRC and FAMCO had a contractual arrangement whereby FAMCO provided maintenance and janitorial services for YRC's Pontiac terminal. Taylor, who worked for FAMCO, had been performing maintenance and janitorial services at YRC's Pontiac terminal for many years. He was injured while working at YRC's Pontiac terminal. It is undisputed that FAMCO did not have workers' compensation insurance. In light of these facts, YRC was Taylor's statutory employer under MCL 418.171(1). Therefore, the exclusive-remedy provision applies to bar Taylor's tort claim against YRC. *Burger*, 202 Mich App at 314. And Taylor's tort claim against his coworker, King, is also barred by the exclusive-remedy provision. *Harris*, 242 Mich App at 310, 312; *Whaley*, 158 Mich App at 535-536, 538.

Taylor argues in his principal brief on appeal that YRC was not his statutory employer because there was no contract for hire between YRC and FAMCO. We disagree.

The language of MCL 418.171(1) does not require a contract for hire; it merely requires a contract. See MCL 418.171(1) ("If any employer subject to the provisions of this act, in this section referred to as the principal, *contracts with any other person*, in this section referred to as the contractor . . . .") (emphasis added). Taylor suggests that there was no contract between YRC and FAMCO. He relies on deposition testimony indicating that no *written* contract between YRC and FAMCO has been found or produced. But there is no language in MCL 418.171(1) requiring a *written* contract. It is recognized elsewhere in the WDCA that contracts may be "express or implied, oral or written . . . ." MCL 418.151(b). An implied-in-fact contract "arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." *Drob v SEK 15, Inc*, 334 Mich App 607, 619; 965 NW2d 683 (2020) (quotation marks and citation omitted). It is beyond reasonable dispute that, at minimum, an implied contract existed between YRC and FAMCO, a point which Taylor's counsel appeared to concede at oral argument. YRC engaged FAMCO to provide maintenance and janitorial services at YRC's Pontiac terminal. Taylor worked for FAMCO at YRC's Pontiac terminal for about 11 years before he was injured. There is no evidence disputing the existence of this implied contract.

The trial court did not err in concluding that YRC was Taylor's statutory employer under MCL 418.171. It, therefore, correctly granted summary disposition because Taylor's negligence claims were barred by the exclusive-remedy provision. Because we affirm on this ground, we

decline to address the alternative argument regarding Taylor's status as an employee under MCL 418.161(n).

### C. LIABILITY UNDER THE WDCA IS NOT CONTINGENT ON PAYMENT OR RECEIPT OF WORKER'S COMPENSATION BENEFITS

Finally, Taylor argues for the first time in his reply brief that he cannot be subject to the exclusive-remedy provision of the WDCA because he has not sought or received worker's compensation payment or benefits. We disagree for two reasons. First, because YRC is Taylor's statutory employer under MCL 418.171, both YRC and Taylor are bound by the exclusive-remedy provision. See *Dagenhardt v Special Machine & Engineering, Inc*, 418 Mich 520, 531-532; 345 NW2d 164 (1984). Second, seeking or receiving payment of WDCA benefits does not, on its own, determine whether a worker falls within the WDCA's exclusive remedy provision. See MCL 418.831.

At the outset, Taylor failed to preserve this issue by raising it before the trial court; therefore, we review this issue for plain error. See *Mr Sunshine v Delta College Bd of Trustees*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No 358042); slip op at 2; see also *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000); *Wischmeyer v Schanz*, 449 Mich 469, 483 & n 26; 536 NW2d 760 (1995).[3] To demonstrate plain error, a party must show: (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected the outcome of the proceedings. *Mr Sunshine*, ___ Mich App at ___; slip op at 2. He also failed to raise this issue in his principal brief. See *Kinder Morgan Mich, LLC v Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007) ("Reply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in its reply brief.").

Taylor's unpreserved argument fails because he cannot demonstrate that the trial court erred. The lead opinion in *Dagenhardt* concluded that the exclusive-remedy provision of MCL 418.131(1) applies when a principal is a statutory employer under MCL 418.171(1). *Dagenhardt*,

---

[3] Our court has applied two different standards to unpreserved issues in the civil context: plain-error, see, e.g., *Wischmeyer*, 449 Mich at 483 & n 26; *Kern*, 240 Mich App at 336, and the so-called "raise-or-waive" rule, see, e.g., *In re Conservatorship of Murray*, 336 Mich App 234, 240-242; 970 NW2d 372 (2021); *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-194, 194 n 5; 920 NW2d 148 (2018) (acknowledging that the Michigan Supreme Court has applied the plain-error standard in the civil context; noting that the Michigan Supreme Court has yet to hold that plain-error is the correct standard to apply). Our Supreme Court has yet to state definitively which standard is the appropriate standard for the civil context. In practice, both standards are unforgiving. Here, we apply the plain-error standard because it provides a workable standard, as opposed to "raise-or-waive," which treats an issue as waived unless a panel decides there is a reason to address an otherwise waived issue. See *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008); see also *Shah*, 324 Mich App at 194-195 (declining to exercise jurisdiction to review a waived issue for want of a compelling reason to do so).

418 Mich at 528-530 (opinion by CAVANAGH, J.).[4] Justice Cavanagh's lead opinion explained that, under MCL 418.171(1), "the principal incurs liability for an injured worker's disability compensation benefits merely because that worker was employed by an uninsured employer and was injured while performing work which the principal contracted for the employer to perform." *Dagenhardt*, 418 Mich at 528 (opinion by CAVANAGH, J.). Here, those conditions are satisfied: Taylor was employed by an uninsured employer, FAMCO, and was injured while performing work that the principal, YRC, contracted for FAMCO to perform. YRC incurred liability for Taylor's workers' compensation benefits. *Id*.

The lead opinion went on to explain that, "when construed together and in conjunction with the legislative intent, [MCL 418.131] and [MCL 418.171] require that a principal liable for a worker's disability compensation benefits is entitled to invoke the exclusive remedy provision against that worker, i.e., principals are employers within the meaning of [MCL 418.131]." *Dagenhardt*, 418 Mich at 530 (opinion by CAVANAGH, J.). Therefore, because, as explained, YRC is liable for Taylor's workers' compensation benefits, YRC is entitled to invoke the exclusive-remedy provision against Taylor, i.e., YRC is an employer within the meaning of MCL 418.131.

Taylor argues that *Dagenhardt* is distinguishable because the defendant in *Dagenhardt* voluntarily paid workers' compensation benefits and the worker actively sought benefits.[5] *Dagenhardt*, 418 Mich at 530 (opinion by CAVANAGH, J.). This, however, did not alter Justice Cavanagh's conclusion. *Id*.

> As previously noted, liability for a worker's disability compensation benefits is imposed upon the principal merely because that worker was employed by an

---

[4] Justice Cavanagh's lead opinion in *Dagenhardt* was joined by Justices Brickley and Ryan. *Dagenhardt*, 418 Mich at 535 (opinion by CAVANAGH, J.). Justice Boyle concurred in the result. *Id*. (BOYLE, J., concurring).

[5] Taylor further argues in his reply brief on appeal that the plaintiff in *Dagenhardt* "undisputedly sought WDCA benefits from the statutory employer, who paid them. Therefore, any mention in *Dagenhardt* of situation [sic] in which benefits were not sought and paid is dicta." However, although the plaintiff in *Dagenhardt* did not dispute the defendant's representation that the plaintiff had made a claim for workers' compensation benefits, Justice Cavanagh's lead opinion stated that "the record before us is unclear as to whether plaintiff made any claim of defendant." *Dagenhardt*, 418 Mich at 530 n 4 (opinion by CAVANAGH, J.). Justice Cavanagh's lead opinion went on to state that "whether plaintiff made a claim, whether defendant voluntarily paid benefits, or whether the compensation proceedings were instituted on defendant's petition is unimportant to our analysis and holding." *Id*. Moreover, Taylor fails to discuss or grapple with this Court's caselaw that has followed *Dagenhardt*. In particular, Taylor does not address the fact that this Court has cited Justice Cavanagh's lead opinion in *Dagenhardt* for the proposition that, "[i]f an employer is a statutory employer under [MCL 418.171], the exclusive remedy provision of [MCL 418.131] applies." *Burger*, 202 Mich App at 314, citing *Dagenhardt*, 418 Mich at 529-530 (opinion by CAVANAGH, J.), and *Smith*, 154 Mich App at 185. Taylor's attempt to circumvent the analysis in *Dagenhardt* is unconvincing.

uninsured employer and was injured while performing work which the principal contracted for the employer to perform. [MCL 418.171] then states that substitution of the term "principal" for the term "employer" shall occur "if compensation is claimed from or proceedings are taken against the principal." However, when examining the entire workers' disability compensation scheme, it becomes clear that the imposition of liability itself is sufficient to allow a principal to invoke the protection of [MCL 418.131]. [*Dagenhardt*, 418 Mich at 530 (opinion by CAVANAGH, J.).]

It was unimportant to the lead opinion's analysis whether the plaintiff made a claim, whether the defendant voluntarily paid benefits, or whether compensation proceedings were instituted on a petition that the defendant had filed. *Id*. at 530 n 4. "The mandatory obligation to pay disability compensation benefits arises regardless whether 'compensation is claimed from or proceedings are taken against' the employer or principal." *Id*. at 531.

[T]he same limitations preventing an injured worker from suing his or her employer in tort apply when that same worker wishes to sue a [principal as defined in MCL 418.171]. [MCL 418.171] merely emphasizes that an injured worker cannot secure a tort recovery from a principal who is liable to pay that worker disability compensation benefits. [*Dagenhardt*, 418 Mich at 532 (opinion by CAVANAGH, J.).]

In short, Justice Cavanagh's opinion in *Dagenhardt* makes clear that the exclusive-remedy provision applies when a principal *is liable* for workers' compensation benefits under MCL 418.171(1). It is the principal's liability, and not a claim for or payment of benefits, that makes the exclusive-remedy provision applicable. And as already explained, YRC is liable for workers' compensation benefits as a statutory employer under MCL 418.171(1). The crux of *Dagenhardt* was liability, not payment. The exclusive-remedy provision bars Taylor's tort claims.

Finally, Taylor's argument fails for a more fundamental reason: payment or receipt of workers' compensation benefits does not, in and of itself, bring a worker within the exclusive-remedy provision of the WDCA. See MCL 418.831. The WDCA unambiguously provides: "Neither the payment of compensation or the accepting of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act." MCL 418.831. Not only the text, but the purpose of the statute support this idea. See *id*.; *Dagenhardt*, 418 Mich at 531-532 (opinion by CAVANAGH, J.). The WDCA's purpose is to compensate a disabled worker, and prompt payment of benefits by an employer advances that purpose. See *Dagenhardt*, 418 Mich at 532; *id*. at 532 n 7, quoting *McAvoy v H B Sherman Co*, 401 Mich 419, 437; 258 NW2d 414 (1977) ("Any worker's compensation schem[e] has, therefore, as its primary goal the delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs, regardless of any traditional tort concepts of liability.") (Quotation marks omitted). Just as an employee may not opt out of the WDCA by refusing benefits, they are not brought into the WDCA by receiving such benefits. See MCL 418.831.

Taylor has not established that the trial court made an error. Whether Taylor received workers' compensation benefits has no bearing on his status as an employee, or YRC's status as a statutory employer. See MCL 418.831. Under MCL 418.831, the fact that YRC or its insurer has

not paid, and that Taylor has not accepted, workers' compensation benefits does not affect either of their statuses. The trial court, therefore, correctly did not rely on this at all.

## IV. CONCLUSION

For the reasons stated above, we affirm.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford